UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                                      Case No. 3:13-bk-4140-PMG

John Edward Hanson, III,

                  Debtor.                                 Chapter


John Edward Hanson, III,

                  Plaintiff,

vs.                                                                        Adv. No. 3:14-ap-300-PMG


Antio, LLC, and Weinstein,
Pinson and Riley, P.S.,

                  Defendants.


**ORDER ON DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

THIS CASE came before the Court for hearing to consider the Motion of the Defendants, Antio, LLC and Weinstein, Pinson & Riley, P.S., to Dismiss Plaintiff's First Amended Complaint. (Doc. 8).

To survive a motion to dismiss for failure to state a claim, a plaintiff must allege facts to make his or her claim for relief plausible on its face.

In this case, the Debtor alleges that the Defendants filed a Proof of Claim in his bankruptcy case without first providing notice that they had received an assignment of the alleged debt, in violation of

1

the Fair Debt Collection Practices Act. Under the circumstances of this case, the Court finds that the Complaint states a plausible claim for relief, and the Defendants' Motion to Dismiss should be denied.

## Background

The Debtor, John Edward Hanson, III, filed a petition under Chapter 13 of the Bankruptcy Code on July 2, 2013.

On August 9, 2013, Antio, LLC (Antio) filed a Proof of Claim in the Chapter 13 case. (Claim No. 4-1). Claim 4-1 was filed in the amount of $12,963.42, and states that it is based on "credit card/other." An Account Summary is attached to the Claim which indicates that the issuer is Citibank, and that the creditor is Antio.

On February 18, 2014, Antio filed an Amended Proof of Claim. (Claim No. 4-2). Claim 4-2 is also filed in the amount of $12,963.42, and states that it is based on "credit card/other." An Account Summary is attached to Claim 4-2 in which Citibank is identified as the "entity to whom the debt was owed at the time of the account holders' last transaction," Ophrys, LLC is identified as the "entity from whom creditor purchased the account," and Antio is identified as the creditor. The following two documents are also attached to the Claim:

> 1. A Bill of Sale and Assignment from Citibank, N.A. to Ophrys, LLC dated July 30, 2013, related to certain accounts of Citicorp as described in an exhibit.

> 2. An Assignment from Ophrys, LLC to Antio dated July 30, 2013, related to accounts in a certain Citibank data file.

Finally, a series of account statements for a Citi Platinum Select Card in the name of John E. Hanson III is attached to the Claim.

On August 5, 2014, the Debtor filed a Complaint for Injunctive Relief and Damages against the Defendants. (Doc. 1). In his Amended Complaint, the Debtor alleges that the Defendants filed the

Claims in his bankruptcy case, but that he "never received any notice that ANTIO had been assigned the alleged debt prior to the Defendants' filing of the proof of claim." (Doc. 7, ¶ 11). The Amended Complaint contains two Counts. Count I is an action for damages against the Defendants for violations of the Fair Debt Collection Practices Act, and Count II is an objection to the claim because it "includes interest exceeding the statutory rate."

## Discussion

The Defendants filed a Motion to Dismiss the First Amended Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure. (Doc. 8).

To survive a motion to dismiss for failure to state a claim, a claimant "must allege facts to make his or her claim for relief 'plausible on its face.'" In re Fundamental Long Term Care, Inc., 494 B.R. 548, 554 (Bankr. M.D. Fla. 2013)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 126 S.Ct. 1955, 167 L.Ed.2d 868 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

In this case, the Debtor primarily alleges that the Defendants filed a Proof of Claim in his bankruptcy case without first providing notice that they had received an assignment of the alleged debt, as required by the Fair Debt Collection Practices Act.

The Court has considered the Amended Complaint, and finds that the Debtor's claim for relief is plausible on its face.

Section 1692e of the Act provides that a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

Section 1692g of the Act is entitled "Validation of debts."

3

> Under Section 1692g(a), a "debt collector," when attempting to collect a debt from a "consumer," must provide the consumer with a detailed debt validation notice within five days after the initial communication with the consumer. 15 U.S.C. 1692g. The validation notice must provide the amount of the debt, the name of the current creditor, and a statement of the procedure by which the consumer can dispute the debt and obtain verification of the amount of the debt and the name and address of the original creditor, if different from the current creditor. 15 U.S.C. §1692g(a).

Carlin v. Davidson Fink LLP, 2014 WL 4826248, at 6 (E.D.N.Y.). The purpose of the provision is to require the validation of debts, to address the issue of mistaken identities, and to enable the debtor to dispute the payment obligation if appropriate. Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC, 758 F.3d 777, 782-86 (6th Cir. 2014).

The Debtor asserts, among other allegations, that the Defendants did not provide him with sufficient notice of his right to verify and dispute the alleged debt as required by §1692e and §1692g. (Doc. 7, ¶ 19). According to the Debtor, for example, he has an interest in verifying that the Defendants are the rightful owners of the account and are lawfully entitled to collect the alleged debt, so that he may avoid the assertion of potentially competing claims for the same obligation.

In response, the Defendants contend that the Debtor received the notice required by the statute through the filing of the Amended Claim. Based on the pleadings, however, the Court cannot determine whether the Amended Proof of Claim constituted sufficient notice to allow the Debtor to obtain verification of the debt or dispute the payment obligation to Antio.

The Defendants filed a Proof of Claim in the Debtor's Chapter 13 case, and the Debtor filed a Complaint alleging certain violations of the Fair Debt Collection Practices Act, and also objecting to the Claim. For purposes of a motion to dismiss under Rule 12, the Court finds that the Amended Complaint states a claim for relief that is plausible on its face.

Accordingly:

**IT IS ORDERED** that the Defendants' Motion to Dismiss Plaintiff's First Amended Complaint is denied.

**DATED** this __1__ day of __December__, 2014.

BY THE COURT

_____
PAUL M. GLENN
United States Bankruptcy Judge