IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

John Edward Hanson, III,                          Case No.: 3:13-bk-4140-PMG

       Debtor.                                 Chapter 13
_____/

John Edward Hanson, III,                          Adv. Pro. No. 3:14-ap-00300-PMG

       Plaintiff,

vs.

Antio, LLC, and Weinstein,
Pinson and Riley, P.S.,

       Defendants.
_____/

**DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER ON DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
<u>AND INCORPORATED MEMORANDUM OF LAW</u>**

      Defendants, creditor Antio, LLC ("Antio") and its agent Weinstein, Pinson & Riley, P.S. ("WPR," and with Antio, "Defendants"), seek reconsideration of the Court's Order on Defendants' Motion to Dismiss Plaintiff's First Amended Complaint [DE 11] (the "Order"), pursuant to Bankruptcy Rule 9023 and Federal Rule 59(e) and other applicable law, to correct clear errors of the Court's interpretation of the facts and the law, and state:

    **I.**    <u>**Summary of Issues**</u>

      Defendants seek reconsideration of the Order to correct the following errors of law and fact to prevent manifest injustice:

1

- First, that a creditor which acquired a consumer debt post-petition and had its first communication with the debtor by filing a proof of claim for the debt is subject to liability under Section 1692(g) of the Fair Debt Collections Practices Act ("FDCPA") where it did not provide the debtor with a debt validation notice within five days of its filing the proof of claim. Section 1692(g) is specifically precluded by the Bankruptcy Code in this situation, and though the Order did not address preclusion, Defendants specifically request that the Court correct its error and determine that the subsection is precluded, and that Debtor-Plaintiff John Edward Hanson's ("Debtor") claim within Count I of the amended complaint for violating Section 1692(g) fails as a matter of law.

- Second, that the amended complaint contains sufficient factual allegations to plausibly state a claim under any of the other cited provisions of the FDCPA. The amended complaint does not allege *any* conduct by Defendants, other than that Debtor did not receive notice of the assignment of the debt to Antio, and accordingly, no FDCPA claims may lie under *Bell Atl. Corp. v. Tombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To the extent that the complaint could be further amended to allege facts in support of a claim under Sections 1692(d) or (e), Defendants submit that any claim based upon a creditor's filing of a proof of claim is precluded by the Bankruptcy Code and request that such a claim fails as a matter of law.

- Third, that the amended complaint states a claim for relief of a valid objection to Antio's proof of claim. The Order did not address Defendants' argument that the claim objection is not a valid objection under Section 502 of the Bankruptcy Code. A review of the proof of claim reflects that it has been executed and filed in accordance with the Bankruptcy Rules and

therefore constitutes prima facie evidence of the validity and amount of the claim pursuant to Bankruptcy Rule 3001(f). The basis for the claims objection is (a) that the claim is uncollectable "[d]ue to noncompliance with Fla. Stat. § 559.715" and (b) that the "claim includes interest exceeding the statutory rate." DE 7, Par. 21 and 22. As detailed in Defendants' motion to dismiss [DE 8], (a) Antio's claim is enforceable because Fla. Stat. § 559.715 is preempted by the Bankruptcy Code and (b) Debtor's contention that the claim includes excessive interest is wholly unsupported and contradicted by the proof of claim. *See* DE 8, Par. 4-6 and Pgs. 18 – 25.

- Fourth, that WPR should remain as a party defendant. The counts against WPR have been removed from the amended complaint and there is no relief being sought against WPR in the amended complaint. However, since WPR appears to still be named as a party defendant, WPR requests that it be dismissed from this adversary proceeding.

- Fifth and finally, that Debtor's service of process is valid. The Court did not address Defendants' argument that service of process is sufficient pursuant to Federal Rule 12(b)(5). The Certificate of Service [DE 6] reflects that Debtor failed to mail a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process, as required by Bankruptcy Rule 7004(a)(3). [1]

Defendants request that the Court reconsider these issues and dismiss the amended complaint. [2]

---

[1] The memorandum of law addresses the first, second, and third issues, as only these require additional analysis.
[2] To the extent that the Court denies this motion, Defendants reserve their right to seek leave to file an interlocutory appeal.

## II. Statement of Facts

In his amended complaint filed on September 24, 2014 [DE 7], Debtor alleged that Antio violated the FDCPA by filing an unsecured proof of claim in this case for a consumer credit card debt allegedly sold post-petition by the original creditor to a third party to Antio, that Debtor had no business dealings with Antio, and that Debtor did not receive notice of the assignment. The first count sought damages against Antio for purported violations of the FDCPA, including (a) a violation of section 1692d by attempting to collect a debt that they knew they had no right to collect, which they could reasonably expect would harass Debtor, (b) a violation of section 1692e by attempting to collect a debt without first providing notice of the assignment, which Debtor claims was misleading, (c) a violation of section 1692e(5) of the FDCPA by threatening to collect a debt that could not be legally collected, and (d) a violation of section 1692g of the FDCPA by not providing Debtor with the right to verify and dispute the debt. The second cause of action was styled as on "Objection to Claim" on the basis that the Claim is "uncollectable" and includes "interest exceeding the statutory rate."

Defendants moved to dismiss the complaint for failure to state a cause of action upon which relief could be granted pursuant to Rule 12(b)(6), specifically arguing, *inter alia*, that the FDCPA claims were precluded where they were based upon a creditor's filing of a proof of claim for a debt which the creditor acquired post-petition. *See* DE 8. Antio incorporates the arguments set forth in the motion.

On November 12, 2014, the Court conducted a hearing on the motion to dismiss and took the matter under advisement. On December 1, 2014, the Court entered the Order denying the motion to dismiss on the basis that the Court could not "determine whether the Amended Proof

of Claim constituted sufficient notice to allow the Debtor to obtain verification of the debt or dispute the payment obligation to Antio." DE 11, Pg. 4.

The Order did not address whether the FDCPA claims were precluded and, thus, necessarily determined that the claims were *not* precluded, thereby creating a cause of action under Section 1692(g) where a creditor which has its first contact with a consumer by filing a proof of claim does not provide a validation notice after filing the proof of claim. This holding is in error as a matter of law because Section 1692(g) impermissibly conflicts with the automatic stay provision of Section 362 of the Bankruptcy Code and is therefore precluded. In addition, to the extent that the other provisions of the FDCPA are applicable in a Bankruptcy Case (which Defendants dispute), the amended complaint does not allege any facts that plausibly support any claim for violations of those provisions and accordingly, the amended complaint fails as a matter of law.

Additionally, the Order did not address Defendants' arguments as to why the claims objection fails as a matter of law—it does not assert a valid basis for objection under Section 502 of the Bankruptcy Code. Debtor has relied on an inapplicable and preempted provision of the Florida Consumer Collection Practices Act—Fla. Stat. § 559.715—that does not render the proof of claim unenforceable, and Antio is entitled to a presumption of validity under Bankruptcy Rule 3001(f). The Court did not take into account the facts in the record that demonstrate that the proof of claim even as originally filed manifestly provided Debtor with adequate information with which to determine whether the debt was his obligation and was valid and correct. The claim provided the account number of the credit card account representing the debt, the date on which the account was opened, the name of the original creditor, the date of the last transaction, the date on which the account was charged off, and the amount of the debt at the date of charge

off. It also provided a mailing address, an email address and a phone number at which Antio could be contacted for any information about the claim that Debtor believed he needed to validate the debt as his legal obligation.

For these reasons, the Court should grant reconsideration of its Order to prevent a manifest error of law and fact, and dismiss the amended complaint for failure to state a claim upon which relief can be granted.

### III. ARGUMENT

**A.    The Court Should Reconsider the Order, and Grant Antio's Motion to Dismiss as a Matter of Law.**

The Eleventh Circuit recognizes three grounds which justify reconsideration: (1) newly discovered evidence, (2) an intervening change in controlling law, or (3) a need to correct a clear error of law or fact. *See Bd. of Trs. of Bay Med. Ctr. v. Humana Military Healthcare Servs., Inc.*, 447 F.3d 1370, 1377 (11th Cir. 2006) (citations omitted). It is the third basis which justifies reconsideration here, and "[i]n this circuit, a motion for reconsideration may be brought on the basis of judicial mistakes, as well as mistakes of a party or his counsel." *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993).

**B.    Debtor's FDCPA Claims Fail as A Matter of Law.**

Defendants request that the Court reconsider the Order and determine that the FDCPA is precluded as a matter of law because the basis for the purported FDCPA violations is that Antio filed a proof of claim for a debt it acquired post-petition and did not provide notice of the assignment to Debtor.

1.    <u>An FDCPA Claim Based Upon 1692g Cannot Stand.</u>

The Order is based upon the necessary determination that the notice requirement of Section 1692g—which provides that a debt collector must provide a debt validation notice within five days after the initial communication with the consumer—is applicable in this situation. However, it's not; and the Order does not address the unavoidable conflict that arises between Section 1692g and Section 362 of the Bankruptcy Code when a debt collector is first in contact with the debtor through the filing of a proof of claim.

The courts evaluating Section 1692g in the bankruptcy context have uniformly held that the FDCPA validation procedure clearly conflicts and is therefore precluded by the claims processing procedures contemplated by the Bankruptcy Code and Bankruptcy Rule. In *In re Chaussee*, the Ninth Circuit Bankruptcy Appellate Panel explained the conflict:

> Under § 501(a), if a creditor desires to share in distributions in the bankruptcy case, a creditor may file a proof of claim. If the proof of claim is executed and filed in accordance with the Rules, it "shall constitute prima facie evidence of the validity and amount of the claim." Rule 3001(f). Under § 502(a), the claim is "deemed allowed, unless a party in interest ... objects." The Rules prescribe the procedure for filing and resolving an objection to allowance of a claim. Rule 3007 (specifying that an objection to a claim be in writing, filed with the bankruptcy court, and that creditor receive at least 30–days['] notice of any hearing concerning the objection).
>
> In contrast to the Code's claims process, FDCPA requires a debt collector and the debtor to conform to a debt validation procedure. FDCPA § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall provide a written notice to the consumer that includes a statement that unless the consumer within thirty days after receipt of the notice disputes the validity of the debt or any portion thereof, the debt will be assumed to be valid by the debt collector. FDCPA § 1692g(a)(3). The notice must also include a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector must obtain verification of the debt or a copy of a judgment against the consumer and mail a copy of such verification or judgment to the consumer. FDCPA § 1692g(a)(4). FDCPA further provides:
>
>> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the

> debt, or any portion thereof, is disputed ... the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

FDCPA § 1692g(b). If the consumer fails to dispute the validity of a debt, that failure may not be construed by any court as an admission of liability by the consumer. FDCPA § 1692g(c). Finally, a communication in the form of a formal pleading in a civil action is not to be treated as an initial communication for purposes of subsection (a) of this section. FDCPA § 1692g(d).

> "Through this [debt validation] process, the debt collector learns whether the debt is contested and the reasons, if any, for the debtor's refusal to pay. The statutory scheme of the FDCPA thus ... ensures a cost effective means by which a debtor and debt collector can exchange information. This is an important part of the FDCPA's statutory scheme." *Hubbard v. Nat'l Bond & Collection Assocs., Inc.,* 126 B.R. 422, 428 (D. Del. 1991). "After the validation procedure of § 1692g, a debt collector would have actual knowledge of the facts relevant to a particular debt and could be held liable under the FDCPA for any further debt collection efforts that violate the letter of the act. Therefore, under § 1692g, the debtor bears a responsibility to notify the debt collector of facts which the debt collector would not otherwise be aware." *Id.*
>
> **In our opinion, the debt validation provisions required by FDCPA clearly conflict with the claims processing procedures contemplated by the Code and Rules. Simply put, we find that the provisions of both statutes cannot compatibly operate.**

*In re Chaussee*, 399 B.R. 225, 237-38 (B.A.P. 9th Cir. 2008) (emphasis supplied)(holding that claims based upon the creditor's filing of proof of claim to recover on allegedly time-barred and nonexistent debts were precluded by the FDCPA). The *Chaussee* court also questioned whether the filing of a proof of claim constitutes an initial communication since under section 1692g(d), a "communication in the form of a formal pleading" shall not be treated as an initial communication," thereby requiring the debt collector to send another communication to the debtor containing the required statutory notice, which has been held to violate the automatic stay.

*Id.* at 238 (*citing Maloy v. Phillips,* 197 B.R. 721, 723 (M.D. Ga. 1996). "We are therefore puzzled as to how creditors can comply with both statutory schemes when the Code dictates they cease all collection actions, whereas FDCPA requires them to communicate with the debtor in connection with the collection of a debt." *Id.* at 239.

The Third Circuit in *Simon v. FIA Card Services, N.A.* reached the same conclusion, and denied an FDCPA claim founded on Section 1692(g):

> The FDCPA requires a debt collector to include a notice of Debtor's rights within five days of the initial communication to Debtor. 15 U.S.C. § 1692g(a). The Bankruptcy Code's automatic stay provision prevents collection steps after a bankruptcy case is filed. A debt collector could not satisfy the FDCPA by including the notice of rights in a proof of claim, because 'a communication in the form of a formal pleading' is not an 'initial communication' under the FDCPA. If a debt collector had to send the notice of rights to a debtor in a pending bankruptcy case to avoid an FDCPA claim, that communication could violate the automatic stay. To omit the notice in order to avoid violating the stay could violate the FDCPA. This conflict was a specific, and narrower, basis for finding that the FDCPA claim could not proceed.

732 F.3d 259, 273 (3d Cir. 2013) (holding that FDCPA claim based on section 1692g was precluded).

These decisions highlight the error of the Court's ruling that it "cannot determine whether the Amended Proof of Claim constituted sufficient notice to allow the Debtor to obtain verification of the debt or dispute the payment obligation to Antio." Order at 4. If Antio's filing of the proof of claim subjected it to a requirement to send out a debt validation notice under section 1692g, and Antio had complied with it, Antio would have been in violation of the automatic stay. *See Maloy v. Phillips*, 197 B.R. 721, 723 (M.D. Ga. 1996) ("Defendant's situation was a catch–22. One statute [section 1692g] told him to go left, and the other [section 362] right. Erring on the side of caution, defendant chose to terminate all communications with

9

debtor. In the court's best judgment, defendant made the right choice by honoring the automatic stay."); *see also Buckley v. Bass & Assocs., P.C.,* No. 99 C 4044, 2000 WL 1006568, at *5 (N.D. Ill. July 19, 2000) *aff'd sub nom. Buckley v. Bass & Assocs.*, 249 F.3d 678 (7th Cir. 2001) (holding that the automatic stay of the Bankruptcy Code prohibits a collector from sending the notice required by § 1692g of the FDCPA).

Here, the Court did not address the preclusion of a claim based upon section 1692g, and accordingly, it should reconsider its decision in light of the controlling precedent holding that Debtor's claim against Defendants for failing to give notice after Antio filed its proof of claim under section 1692g is precluded by the Bankruptcy Code and fails as a matter of law.

2. The Remaining Provisions of the FDCPA (Sections 1692d and 1692e) are also Precluded.

Defendants further request that the Court reconsider whether the other provisions of the FDCPA allegedly violated by Defendants (sections 1692d and 1692e) are also precluded. The Eleventh Circuit has not addressed preclusion. In *Crawford v. LVNV Funding, LLC*, the court had the opportunity to address whether the FDCPA subjects creditors to liability for conduct arising by the filing of a proof of claim, but it declined to address the issue altogether because the defendant failed to raise it. 758 F.3d 1254, 1262 n. 7 (11th Cir. 2014). Instead, the Eleventh Circuit simply noted that there is a circuit split about whether the FDCPA is entirely displaced in the bankruptcy context or whether only directly conflicting provisions are precluded. *Id* (*comparing Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 96 (2d Cir. 2010) (complete precluded) and *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 510 (9th Cir. 2002) (complete precluded) with *Simon v. FIA Card Ser., N.A.*, 732 F.3d 259, 271–74 (3d Cir. 2013) (only section

1692g precluded) and *Randolph v. IMBS, Inc.*, 368 F.3d 726, 730–33 (7th Cir. 2004) (no section 1692g claim).

Defendants assert that the preclusion is categorical where allegedly improper conduct arises solely from the filing of a proof of claim and actions taken after the filing because the conduct is occurring in the bankruptcy forum and the Bankruptcy Code provides the process for the debt collection and a remedy for any improper conduct. In *Simmons v. Roundup Funding, LLC,* the Second Circuit affirmed the dismissal of a motion to dismiss on the ground that an inflated proof of claim in bankruptcy court could not form the basis for an FDCPA action as a matter of law, explaining:

> Federal courts have consistently ruled that filing a proof of claim in bankruptcy court (even one that is somehow invalid) cannot constitute the sort of abusive debt collection practice proscribed by the FDCPA, and that such a filing therefore cannot serve as the basis for an FDCPA action. *See, e.g., B–Real, LLC v. Rogers,* 405 B.R. 428, 431–32 (M.D. La. 2009) ("[T]he Bankruptcy Code itself contemplates a creditor filing a proof of claim on a time-barred debt and the Bankruptcy Court disallowing such claim after objection from the debtor. It is difficult for this Court to understand how a procedure outlined by the Bankruptcy Code could possibly form the basis of a violation under the FDCPA."); *Middlebrooks v. Interstate \*96 Credit Control, Inc.,* 391 B.R. 434, 437 (D. Minn. 2008) (holding that an FDCPA action cannot be premised on the filing of a proof of claim in bankruptcy court); *Gray–Mapp v. Sherman,* 100 F. Supp.2d 810, 813–14 (N.D. Ill. 1999) (same); *Baldwin v. McCalla,* No. 98–C–4280, 1999 WL 284788, at \*3–4, 1999 U.S. Dist. LEXIS 6933, at \*10–11 (N.D. III. Apr. 19, 1999) (same).

622 F.3d 93, 95-96 (2d Cir. 2010). In *In re Chaussee*, the Ninth Circuit precluded all FDCPA claims based on the filing of a proof of claim due to the direct conflicts between the FDCPA and the Bankruptcy Code, explaining that:

> Attempting to reconcile the debt validation procedure contemplated by FDCPA with the claims objection process under the [Bankruptcy] Code results in the sort of confusion and conflicts that persuades us that Congress intended that FDCPA be precluded in the context of bankruptcy cases. We fail to understand how [a debt collector] could comply with FDCPA § 1692g and its various notice and

11


informational requirements because those provisions conflict with the Code and Rules.

399 B.R. 225, 239 (B.A.P. 9th Cir. 2008). The vast majority of cases identified by Defendants are in accord[3].

---

[3] *See, e.g., MSR Exploration, Ltd. v. Meridian Oil, Inc.*, 74 F.3d 910, 916 (9th Cir. 1996) ("We hold that MSR's malicious prosecution action against the Producers is completely preempted by the structure and purpose of the Bankruptcy Code."); *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 510 (9th Cir. 2002) ("Because Walls's remedy for violation of § 524 no matter how cast lies in the Bankruptcy Code, her simultaneous FDCPA claim is precluded."); *Rhodes v. Diamond,* 433 Fed. Appx. 78, 2011 WL 1591495 (3d Cir. 2011) ("the District Court correctly found that Debtors' claims arising from [Creditor's] conduct in bankruptcy proceedings—*i.e.,* its filing of, and subsequent failure to amend, allegedly inflated proofs of claim—cannot give rise to FDCPA or state law causes of action.");; *Gray–Mapp v. Sherman,* 100 F. Supp.2d 810, 813–14 (N.D. Ill. 1999) (granting motion to dismiss FDCPA claims, holding that the Bankruptcy Code provided exclusive remedy for attacking false or inflated proofs of claim); *In re Skerlak,* 2014 WL 1153972 at 2 (M.D.N.C. March 20, 2014) (granting motion to dismiss FDCPA claim, holding that proof of claim does not constitute debt collection activity); *Jenkins v. Genesis Fin. Solutions and Vativ Recovery Solutions, LLC,* 456 B.R. 236, 240 (Bankr. E.D.N.C. 2011) ("The Court is not persuaded that the filing of a proof of claim can constitute regulated 'collection' activity within the meaning of [the FDCPA]"); *McMillen v. Syndicated Office Sys., Inc. (In re McMillen),* 440 B.R. 907, 912 (Bankr. N.D. Ga. 2010) (noting that filing "of duplicate proofs of claim does not constitute the type of abusive conduct prohibited under Section 1692e(2)(A), (5) or (10) of the FDCPA."); *B-Real, LLC v. Rogers*, 405 B.R. 428, 421 (M.D. La. 2009) (stating "It is difficult for this court to understand how a procedure outlined by the Bankruptcy Code could possibly form the basis of a violation under the FDCPA"); *Jude Jacques v. U.S. Bank (In re Jacques),* 416 B.R. 63, 79 (Bankr. E.D.N.Y. 2009) (holding that "the Bankruptcy Code precludes assertion of a claim under the FDCPA"); *In re Simpson,* 2008 WL 4216317, at *3 (Bankr. N.D. Ala. 2008) (an FDCPA claim "cannot be based on the filing of a proof of claim, regardless of the ultimate validity of the underlying claim); *Middlebrooks v. Interstate Credit Control, Inc.,* 391 B.R. 434, 437 (Bankr. D. Minn. 2008) (holding that an FDCPA action cannot be premised on the filing of a proof of claim in bankruptcy court); *See also, e.g., Gilliland v. Capital One Bank (In re Gilliland),* 386 B.R. 622, 623–24 (Bankr. N.D. Miss. 2008); *Baldwin v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C.*, 1999 WL 284788, at *4–6 (N.D. Ill. 1999); *In re Claudio***,** 463 B.R. 190 (Bankr. D. Mass. 2012); *In re Turner* 2011 WL 4352158 (Bankr. E.D. Tenn. 2011); *Poteet v. eCast Settlement Corp. (In re Poteet),* 2011 WL 3626696 (Bankr. E.D. Tenn. 2011); *Angulo v. Emigrant Mortg. Co.,* 2010 WL 1727999 at 30-32 (Bankr. E.D. Pa. 2010); *Keeler v. PRA Receivables Mgmt., LLC (In re Keeler),* 440 B.R. 354, 367–69 (Bankr. E.D. Pa. 2009); *Rice–Etherly v. Bank One, Nat'l Ass'n (In re Rice–Etherly),* 336 B.R. 308, 312–13 (Bankr. E.D. Mich. 2006); *In re Abramson,* 313 B.R. 195, 198 (Bankr. W.D. Pa. 2004); *Cooper v. Litton Loan Serv'g (In re Cooper),* 253 B.R. 286, 291 (Bankr. N.D. Fla. 2000).

The Seventh Circuit in *Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004), and the Third Circuit in *Simon v. FIA Card Services, N.A.*, 732 F.3d 259, 271–74 (3d Cir. 2013), took a different view—that the portions of the FDCPA that do not irreconcilably conflict with the Bankruptcy Code are not *per se* precluded. *See, e.g., In re McCarther-Morgan*, 2009 WL 7810817, at *9 (B.A.P. 9th Cir. 2009) The Seventh Circuit in *Randolph*, 368 F.3d at 730, said that "when two federal statutes address the same subject in different ways, the right question is whether one implicitly repeals the other." *Randolph*, 368 F.3d at 730. Defendants suggest that these circuits asked the right question, but came to the wrong answer. When considering the structure and purpose of the Bankruptcy Code to regulate the debtor-creditor relationship after the filing of the bankruptcy, Defendants assert that claims under the FDCPA cannot coexist with and are therefore precluded by the Bankruptcy Code.

Nevertheless, even if the claims within Count I of the amended complaint based upon violations of sections 1692d or 1692e could be held to exist in harmony with the Bankruptcy Code and are not precluded, there can be no dispute that where an FDCPA provision (section 1692g) directly conflicts with a Bankruptcy Code provision (section 362), there is a preclusion and the FDCPA claim will not lie. *See* Section 1 above, *citing Simon v. FIA Card Servs., N.A.*, 732 F.3d at 273 (holding that Section 1692g FDCPA claim was preclusion as a result of conflict with Section 362 of the Bankruptcy Code).

3. There are no Facts that Support an FDCPA Claim under Sections 1692d or 1692e, even if those Provisions are Not Precluded.

To the extent that the Court determines that the FDCPA claims under Sections 1692d and 1692e are not completely precluded, Defendants assert that there are no facts alleged in the amended complaint that plausibly state a claim under these subsections. As set forth in

Defendants' motion to dismiss [DE 8, Section C, Subsection 2, Pages 13-16], the amended complaint fails to set forth any factual allegations to meet the elements of an FDCPA claim under Sections 1692d or 1692e, and is therefore subject to dismissal. The amended complaint only alleges that Debtor failed to receive notice of the assignment of the debt to Antio, and fails to allege any actions taken by Defendants.

**C.     Reconsideration is Mandated Because Debtor Presented No Facts in Support His Objection to Antio's Claim and the Objection Must Therefore be Dismissed as a Matter of Law**

The Order does not address, and Defendants request that the Court determine, whether the objection to Antio's claim is a valid objection under Section 502 of the Bankruptcy Code or instead subject to dismissal. A review of Antio's proof of claim (as amended) reflects that it complies with Bankruptcy Rule 3001(c)(3), and therefore constitutes prima facie evidence of the validity and amount of the claim pursuant to Bankruptcy Rule 3001(f). *See, e.g., In re Marineland Ocean Resorts, Inc.*, 242 B.R. 748, 757 (Bankr. M.D. Fla. 1999) (overruling Debtors' objection to claim of assignee and noting that "a proper proof of claim is presumed valid, and is prima facie evidence of the validity of both the claim and its amount"); *In re Planas*, 356 B.R. 902 (Bankr. S.D. Fla. 2006) (claim filed by purchaser or assignee of this scheduled debt, which clearly identifies the scheduled creditor, will be treated under same standards as if it had been filed by original creditor); *In re Umstead*, 490 B.R. 186 (Bankr. E.D. Pa. 2013) (discussing Bankruptcy Rule 3001(c) and overruling objections to claims of assignees of credit card debts because proofs of claim were prima facie valid and debtor presented no evidence to contest the validity or amount of the claims.); *In re Crutchfield*, 492 B.R. 60, 69-70 (Bankr. M.D. Ga. 2013)(debtor failed to rebut presumption of validity of credit card assignees who were

entitled to a presumption of validity); *Matter of Berardi*, No. 12-35856/JHW, 2013 WL 6096227, at *1 (Bankr. D.N.J. Nov. 20, 2013) ("The debtors contend that the claim is unenforceable under state law because there is no evidence of a clear assignment attached to the proof of claim and no proof that notice was given to the debtors of the purported assignment. Because the proof of claim meets all filing requirements and is entitled to a presumption of validity, and because the debtors have failed to produce any evidence to rebut the presumption, the debtors' motion to expunge [the proof of claim] is denied.").

Accordingly, Antio's claim presumptively valid, and Debtor alleges no facts that rebut that presumption. Debtor asserts two bases for objection, both of which fail as a matter of law. The first, that the debt is uncollectable due to noncompliance with Fla. Stat. § 559.715, is wrong as a matter of law because any requirement under that statute is preempted by the Bankruptcy Code as addressed in detail in Defendants' motion to dismiss. The second, that Antio's claim includes excessive interest is wholly unsupported and contradicted by the proof of claim. *See* DE 8, Par. 4-6 and Pgs. 18 – 25. These arguments were not addressed in the Order, and Defendants request that the Court reconsider them and dismiss Debtor's objection to Antio's claim (Count II).

**WHEREFORE**, Defendants respectfully request that this Court grant this motion, reconsider the Order on Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, determine that the FDCPA claims advanced by Debtor are precluded by the Bankruptcy Code, and determine that the amended complaint fails to state a cause of action.

Dated:  December 15, 2014                **GRAYROBINSON, P.A.**
                                         *Co-counsel for Defendants*
                                         401 East Las Olas Boulevard, 10th Floor
                                         Fort Lauderdale, Florida 33301
                                         Telephone:  (954) 761-8111

       Facsimile:  (954) 761-8112

       By:   */s/Michael D. Lessne*
           Paul H. Minoff
           Florida Bar No. 0182079
           paul.minoff@gray-robinson.com
           Michael D. Lessne
           Florida Bar No. 73881
           michael.lessne@gray-robinson.com

## CERTIFICATE OF SERVICE

    I hereby certify that on December 15, 2014, I electronically filed the foregoing document with the clerk of the court using CM/ECF, which is serving the document via transmission of Notices of Electronic Filing to those counsel or parties who are authorized to receive such notices.

Wendell Finner, Esq.
Ryan G. Moore, Esq.
Wendell Finner, P.A.
340 3rd Avenue S., Suite A
Jacksonville Beach, FL  32250
E-mail:  flabarmail@wendellfinner.com
E-mail:  ryan@beacheslaw.com
*Counsel for Debtor, John Edward Hanson, III*

       By:   /s/ *Michael D. Lessne*
           Michael D. Lessne

\240145\11 - # 3322823 v2